UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
ELIZABETH CAPELLAN, on behalf of herself, individually, and all similarly situated persons,

Plaintiff,

-against-

85 PEARL STREET VENTURE LTD. d/b/a STONE STREET TAVERN, RONAN A. DOWNS, DAVID J. MASSEY, CATHAL O'BRIEN, MARY D. MASSEY, SAMUEL O'CONNOR a/k/a SAM O'CONNOR, CROINE O'HALLORAN and THOMAS M. DOWLING,

Defendants.
---------------------------------------------------------------------X

**COMPLAINT**

*Class and Collective Action*

*Jury Trial Demanded*

Plaintiff Elizabeth Capellan, on behalf of herself, individually, and all similarly situated persons, by and through their counsel, the Romero Law Group PLLC, complaining of Defendants 85 Pearl Street Venture Ltd. d/b/a Stone Street Tavern, Ronan A. Downs, David J. Massey, Cathal O'Brien, Mary D. Massey, Samuel O'Connor a/k/a Sam O'Connor, Croine O'Halloran and Thomas M. Dowling (collectively as "Defendants"), allege as follows:

## NATURE OF THE CLAIM

1. Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 146 ("NYLL"), unpaid minimum wages under the NYLL, unpaid spread of hours compensation under the NYLL and 12 N.Y.C.R.R. § 146-1.6, unlawfully retained tips and gratuities under the FLSA and NYLL, unlawful deductions from their wages earned under NYLL § 193, damages for failure to furnish accurate wage statements for each pay period under NYLL § 195(3), damages

for failure to provide a compliant wage notice upon their hire under NYLL § 195(1), for unjust enrichment and conversion under New York common law, and for subjecting Plaintiff to a hostile work environment based on her gender and/or sex in violation of the New York State Human Rights Law, N.Y. Exec. Law § 290 *et. seq*. ("NYSHRL") and New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq*. ("NYCHRL"), and any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all similarly-situated persons during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA. Plaintiff brings her claims under the NYLL and New York common law on behalf of herself, individually, and on behalf of any FLSA Collective Action Plaintiff, as that term is defined below, who opts-in to this action.

3. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable limitations periods who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations and violations of New York common law.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under 29 U.S.C. § 201 *et seq*. and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of New York.

**THE PARTIES**

6. Plaintiff is a resident of the State of New York.

7. At all relevant times, Plaintiff is and was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2), (4), and is a "person" and "employee" within the NYSHRL and NYCHRL.

8. At all relevant times, Defendant 85 Pearl Street Venture Ltd. d/b/a Stone Street Tavern is and was a domestic business corporation with its principal place of business at 52 Stone Street, New York, New York 10006.

9. At all relevant times, Defendant 85 Pearl Street Venture Ltd. d/b/a Stone Street Tavern was subject to the requirements of the FLSA because, upon information and belief, it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to use of food and ingredients, alcohol, kitchenware, utensils, cleaning supplies, office supplies, receipt papers, pens, and paper, all or much of which undoubtably traveled in interstate commerce, and accepted payment from credit card machines and other moneys that originate from out of New York State.

10. At all relevant times, Defendant 85 Pearl Street Venture Ltd. d/b/a Stone Street Tavern was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), NYLL § 190(3), NYSHRL, and NYCHRL.

11. At all relevant times, Defendant 85 Pearl Street Venture Ltd. d/b/a Stone Street Tavern employed more than eleven employees at any given time.

12. At all times relevant, Defendant Ronan A. Downs was an owner, officer and/or Chief Executive Officer for Defendant 85 Pearl Street Venture Ltd. d/b/a Stone Street Tavern, as well as a manager for the corporate defendant, was active in the day to day management of the corporate defendant, including directing Plaintiff and other employees regarding their duties, being responsible for the payment of Plaintiff's and other employees' wages, determining what wages were paid to Plaintiff and other employees, had the power to hire, fire and discipline employees, had authority to make all personnel decisions for all employees, was responsible for maintaining personnel records relating to Plaintiff's and other employees' employment, and is liable to Plaintiff and the other employees as an "employer" within the meaning of the FLSA and NYLL.

13. At all times relevant, Defendant David J. Massey was an owner and/or officer for Defendant 85 Pearl Street Venture Ltd. d/b/a Stone Street Tavern, as well as a manager for the corporate defendant, was active in the day to day management of the corporate defendant, including directing Plaintiff and other employees regarding their duties, being responsible for the payment of Plaintiff's and other employees' wages, determining what wages were paid to Plaintiff and other employees, had the power to hire, fire and discipline employees, had authority to make all personnel decisions for all employees, was responsible for maintaining personnel records relating to Plaintiff's and other employees' employment, and is liable to Plaintiff and the other employees as an "employer" within the meaning of the FLSA and NYLL.

14. At all times relevant, Defendant Cathal O'Brien was an owner and/or officer for Defendant 85 Pearl Street Venture Ltd. d/b/a Stone Street Tavern, as well as a manager for the corporate defendant, was active in the day to day management of the corporate defendant,

including directing Plaintiff and other employees regarding their duties, being responsible for the payment of Plaintiff's and other employees' wages, determining what wages were paid to Plaintiff and other employees, had the power to hire, fire and discipline employees, had authority to make all personnel decisions for all employees, and exercised this authority to terminate Plaintiff's employment, was responsible for maintaining personnel records relating to Plaintiff's and other employees' employment, and is liable to Plaintiff and the other employees as an "employer" within the meaning of the FLSA and NYLL.

15. At all times relevant, Defendant Mary D. Massey was an owner and/or officer for Defendant 85 Pearl Street Venture Ltd. d/b/a Stone Street Tavern, was responsible for the day to day management of the corporate defendant, including being responsible for directing Plaintiff and other employees regarding their duties, being responsible for the payment of Plaintiff's and other employees' wages, being responsible for determining what wages were paid to Plaintiff and other employees, had the power to hire, fire and discipline employees, had authority to make all personnel decisions for all employees, was responsible for maintaining personnel records relating to Plaintiff's and other employees' employment, and is liable to Plaintiff and the other employees as an "employer" within the meaning of the FLSA and NYLL.

16. At all times relevant, Defendant Samuel O'Connor a/k/a Sam O'Connor was an owner and/or officer for Defendant 85 Pearl Street Venture Ltd. d/b/a Stone Street Tavern, was responsible for the day to day management of the corporate defendant, including being responsible for directing Plaintiff and other employees regarding their duties, being responsible for the payment of Plaintiff's and other employees' wages, being responsible for determining what wages were paid to Plaintiff and other employees, had the power to hire, fire and discipline employees, had authority to make all personnel decisions for all employees, was responsible for maintaining

personnel records relating to Plaintiff's and other employees' employment, and is liable to Plaintiff and the other employees as an "employer" within the meaning of the FLSA and NYLL.

17. At all times relevant, Defendant Croine O'Halloran was an owner and/or officer for Defendant 85 Pearl Street Venture Ltd. d/b/a Stone Street Tavern, was responsible for the day to day management of the corporate defendant, including being responsible for directing Plaintiff and other employees regarding their duties, being responsible for the payment of Plaintiff's and other employees' wages, being responsible for determining what wages were paid to Plaintiff and other employees, had the power to hire, fire and discipline employees, had authority to make all personnel decisions for all employees, was responsible for maintaining personnel records relating to Plaintiff's and other employees' employment, and is liable to Plaintiff and the other employees as an "employer" within the meaning of the FLSA and NYLL.

18. At all times relevant, Defendant Thomas M. Dowling was an owner and/or officer for Defendant 85 Pearl Street Venture Ltd. d/b/a Stone Street Tavern, was responsible for the day to day management of the corporate defendant, including being responsible for directing Plaintiff and other employees regarding their duties, being responsible for the payment of Plaintiff's and other employees' wages, being responsible for determining what wages were paid to Plaintiff and other employees, had the power to hire, fire and discipline employees, had authority to make all personnel decisions for all employees, was responsible for maintaining personnel records relating to Plaintiff's and other employees' employment, and is liable to Plaintiff and the other employees as an "employer" within the meaning of the FLSA and NYLL.

## FACTS

19. Defendants are a company and its owners that operate a restaurant and bar, located at 52 Stone Street, New York, New York 10006.

20. Defendants employed Plaintiff as a non-exempt bartender and server from on or about August 15, 2023 through on or about June 9, 2025.

**Defendants' Wage and Hour Violations**

21. Throughout her employment, Plaintiff typically worked five days per workweek during most of her employment and sometimes worked four days per workweek during some of her employment.

22. Throughout her employment, Defendants periodically required Plaintiff to work more than forty hours during some of her workweeks.

23. For example, during the period of May 26, 2025 through June 1, 2025, Defendants required Plaintiff to work, and Plaintiff did work, a total of at least 40.84 hours during that workweek.

24. Throughout his employment, Plaintiff was repeatedly required, particularly during weeks with holidays, festivals or other special events, to work far more hours during her workweeks, including in excess of forty hours during certain workweeks.

25. Throughout her employment, Plaintiff was required, as needed, to work one or more double shifts during some of her workweeks, during which Plaintiff would typically work from 2:00 p.m. until between 1:00 a.m. and 2:00 a.m. or from 10:00 a.m. until between 9:00 p.m. to 10:00 p.m., or sometimes even more hours, during these workdays.

26. Throughout her employment, and particularly during workweeks with holidays, festivals or other special events, or when she was required to work one or more double shifts, Plaintiff worked more than forty hours during certain workweeks.

27. Throughout her employment, Defendants paid Plaintiff an hourly rate of pay.

28. Throughout her employment, Defendants took a tip credit deduction for each hour that Plaintiff worked and consequently paid her at reduced hourly rates of pay below the applicable NYLL minimum wage rates and overtime rates as a tipped employee.

29. Throughout her employment, Defendants failed to provide Plaintiff with compliant written notices under the NYLL that Defendants were claiming a tip credit toward the statutory minimum wage for her hours paid at a tipped rate.

30. However, at times during her employment, Defendants paid Plaintiff at reduced tipped hourly rates of pay that were even below the applicable NYLL tipped minimum wage rates and tipped overtime rates – the rates that may apply if a valid tip credit notice had been provided and applicable tip laws and regulations had been followed, neither of which Defendants complied with – and Defendants thereby failed to pay Plaintiff lawful minimum wages and overtime wages in violation of the NYLL.

31. Moreover, at times during her employment, Defendants paid Plaintiff at hourly rates of pay that, when her various components of her rates of pay, including her cash wages and tip credits purportedly taken are combined, amount to rates of pay were even below the applicable NYLL minimum wage rates and overtime rates, and Defendants thereby failed to pay Plaintiff lawful minimum wages and overtime wages in violation of the NYLL.

32. Throughout her employment, Defendants paid Plaintiff pursuant to a tip pool arrangement wherein tips and gratuities received from patrons were distributed equally to Plaintiff and other tipped employees, including, *inter alia*, servers, bussers and bartenders,.

33. Throughout her employment, Defendants operated and imposed an unlawful tip pool upon Plaintiff and other tipped employees in that Defendants frequently permitted multiple

exempt managers to participate and share in the distribution of tips and gratuities intended for tipped employees.

34. Throughout her employment, Defendants permitted multiple exempt managers to consistently and improperly participate in and receive tips and gratuities through Defendants' tip pool in the same amounts as an hourly-paid, tipped employee.

35. As such, throughout her employment, Defendants, through their multiple exempt managers, unlawfully retained tips and gratuities – a form of wages – owed to Plaintiff and other tipped employees, thereby depriving Plaintiff and other tipped employees of compensation due to them, in violation of the FLSA, NYLL, NYLL § 193 and New York common law.

36. As a result, throughout her employment, Defendants frequently deducted sums from tips and gratuities – a form of wages – contributed to Defendants' tip pool which were tips and gratuities earned by and owed to Plaintiff and other tipped employees by improperly retaining and distributing those funds from the tip pool to their multiple exempt managers.

37. Thus, throughout her employment, Defendants deducted from and/or failed to remit Plaintiff's and other tipped employees' earned wages that were owed in the form of tips and gratuities, resulting in unlawful deductions, either directly or by separate transaction, to Plaintiff's and other tipped employees' earned wages that were not required by law or regulation, and were not authorized by Plaintiff and other tipped employees and were not for their benefit, in violation of NYLL § 193 and New York common law.

38. Moreover, throughout her employment, Defendants frequently required Plaintiff to perform duties normally performed by other non-tipped employees. Throughout her employment, Plaintiff often performed a substantial amount of non-tipped work during her shifts, which exceeded twenty percent of her time worked during certain shifts and therefore exceeded the

amount of time permitted for a tipped-rate employee by applicable law and regulations during certain shifts worked. Notwithstanding this, Defendants paid Plaintiff at her tipped rate of pay for time spent performing non-tipped work.

39. By way of example, Defendants commonly required Plaintiff to perform the following non-tipped work while being paid at their tipped rate, including, *inter alia*, cleaning the restaurant and bar areas, refilling bottles and other supplies, rolling silverware, performing opening procedures, and performing closing procedures.

40. Throughout her employment, Defendants paid Plaintiff her portion of any credit card tips through their paychecks.

41. Throughout her employment, Defendants paid Plaintiff her portion of any cash tips in cash.

42. Throughout much of her employment, Defendants inaccurately recorded the amount of tips and gratuities received by Plaintiff.

43. Moreover, throughout much of her employment, Defendants inaccurately recorded or entirely failed to record the amount of cash tips and gratuities received by Plaintiff.

44. Despite these unlawful practices, throughout her employment, Defendants paid Plaintiff and other tipped employees at a reduced tipped rates that were below the applicable statutorily mandated minimum wage rates and overtime rates, in violation of the NYLL.

45. Despite being required to work in excess of forty hours during many workweeks, Defendants paid Plaintiff at incorrect overtime rates of pay by paying her at rates of pay that were below the statutorily required overtime rate of one and one-half times the applicable minimum wage rate or her proper regular hourly rates of pay, whichever is greater, for her hours worked in excess of forty during many of her workweeks.

46. Thus, throughout her employment, Defendants failed to pay Plaintiff at her statutorily-mandated overtime rates of pay of at least one and one-half times the applicable minimum wage rate or her proper regular hourly rates of pay, whichever is greater, for her hours worked in excess of forty during many of her workweeks, in violation of the FLSA and NYLL.

47. Throughout her employment, Plaintiff also worked certain daily shifts that exceeded ten hours per day from its start to its finish. However, Defendants failed to pay Plaintiff spread-of-hours compensation of one additional hour at the applicable minimum wage rate for each workday that exceeded ten hours, in violation of the NYLL.

48. Throughout her employment, Defendants failed to provide written notice to Plaintiff upon her hire – or at all – of her rates of pay and other information required by NYLL § 195(1).

49. Throughout her employment, Defendants failed to furnish Plaintiff with accurate statements of her wages earned, including, *inter alia*, her correct regular and overtime rates of pay, her correct amount of regular and overtime hours worked, her spread of hours compensation, and her correct amount of tips and gratuities received, her correct amount of gross wages, net wages, deductions and allowances, for each pay period as required by NYLL § 195(3).

50. By failing to provide Plaintiff with a wage notice meticulously detailing Plaintiff's hourly rates upon her hire, as well as by failing to record her actual amount of tips and gratuities received for each workweek, as required by NYLL §§ 195(1) and (3) and the related New York State Department of Labor Regulations, and by failing to provide other accurate and/or complete information under these requirements, such as failing to provide accurate wage statements (i.e. paystubs), Defendants caused actual and concrete harm to Plaintiff, who was unable to determine whether she had been underpaid for her proper straight-time, regular hourly wages, overtime

compensation, spread of hours compensation, or been correctly paid for all tips and gratuities earned, throughout her employment.

51. Because Plaintiff worked without the accurate and complete information required by NYLL §§ 195(1) and (3), Plaintiff was unable to determine the precise amount of wages, tips and gratuities that she was entitled to receive, assess the manner in which her wages were calculated, and determine that she had been underpaid every workweek, which caused Plaintiff to suffer unpaid wages throughout her employment and causing her to suffer underpayments longer than she would have if a compliant – or any – wage notice and/or compliant or accurate wage statements had been provided.

52. With no way to know how much Plaintiff should have been making or receiving in wages, tips and gratuities, Plaintiff worked throughout her employment without discovering how much she had been underpaid nearly every week, which denied Plaintiff not only the time-value of that money, but also resulted in continued actual underpayments.

53. Additionally, Defendant 85 Pearl Street Venture Ltd. and one of its owners have been involved in multiple prior litigations since at least 2014 relating to similar issues as those asserted herein, which included various wage and hour allegations under the FLSA and NYLL.

54. Defendant Ronan A. Downs (sued incorrectly therein as Ronald Doe), along with 81 Pearl Street Venture Ltd. – a restaurant in which Defendant Ronan A. Downs is an owner – were involved in prior litigation relating to similar issues as those asserted herein. Specifically, the matter of *Mario Ramires v. 81 Pearl Street Venture Ltd. d/b/a Beckett's, et al.*, Docket No. 14-cv-02795 (JMF) (S.D.N.Y.), which was filed on April 14, 2014, asserted claims against 81 Pearl Street Venture Ltd. and Defendant Ronan A. Downs for, *inter alia*, for their failure to pay a dishwasher and kitchen employee his lawful overtime compensation under the FLSA and NYLL,

minimum wage compensation under the FLSA and NYLL, spread of hours compensation under the NYLL, failure to provide a compliant wage notice upon his hire under NYLL § 195(1), and failure to furnish accurate wage statements for each pay period under NYLL § 195(3). Thus, Defendant Ronan A. Downs' violations of the applicable wage and hour laws – along with the violations of Defendant 85 Pearl Street Venture Ltd. that he owns and operates – were willful, intentional and did not occur as part of a good faith effort to comply with the applicable wage and hour laws.

55. Defendants 85 Pearl Street Venture Ltd. and Ronan A. Downs were involved in prior litigation relating to similar issues as those asserted herein. Specifically, the matter of *Aixa Mercado and Chablis Quarterman v. 85 Pearl Street Venture Ltd. d/b/a Stone Street Tavern*, Docket No. 15-cv-05049 (AT) (S.D.N.Y.), which was filed on June 29, 2015, asserted claims against Defendants 85 Pearl Street Venture Ltd. and Ronan A. Downs for, *inter alia*, for their failure to pay two servers and other tipped employees their lawful overtime compensation under the FLSA and NYLL, minimum wage compensation under the FLSA and NYLL, spread of hours compensation under the NYLL, failure to provide a compliant tip credit notice under the FLSA and NYLL, for retaining and/or failing to remit a portion of the tips and gratuities owed to tipped employees, for improperly permitting two managers to retain and share in the tips and gratuities intended for tipped employees, failure to provide a compliant wage notice upon their hire under NYLL § 195(1), and failure to furnish accurate wage statements for each pay period under NYLL § 195(3). Thus, Defendants 85 Pearl Street Venture Ltd.'s and Ronan A. Downs's violations of the applicable wage and hour laws were willful, intentional and did not occur as part of a good faith effort to comply with the applicable wage and hour laws.

56. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the wages earned by and paid to Plaintiff, failing to pay wages at least equal to the NYLL minimum wage rate of pay, failing to pay proper overtime wages in accordance with her hours worked, failing to pay spread of hours compensation under the NYLL, permitting multiple exempt managers to retain tips and gratuities from the employee tip pool earned by and owed to Plaintiff and other tipped employees, intentionally failing to accurately record tips and gratuities received by Plaintiff and other tipped employees, unlawfully deducting and/or failing to remit earned wages in the form of tips and gratuities to Plaintiff, failing to provide compliant tip credit notices under the NYLL, failing to provide a compliant wage notice upon her hire under the NYLL, failing to provide accurate wage statements for each pay period under the NYLL, and by continuing to engage in these unlawful wage violations even after being confronted by and resolving multiple prior lawsuits asserting similar wage violations under the FLSA and NYLL.

57. Defendants treated and paid Plaintiff, Class Members and FLSA Collective Action Members in the same or similar manner pursuant to Defendants' corporate-wide payroll and employment practices.

58. Plaintiff, Class Members and FLSA Collective Action Members suffered the same or similar harms as a result of Defendants' corporate-wide payroll and employment practices.

**Defendant 85 Pearl Street Venture Ltd. Subjected Plaintiff to a Hostile Work Environment**

59. Beginning soon after her employment commenced, and throughout the remainder of her employment, Defendant 85 Pearl Street Venture Ltd., through its managers and employees, subjected Plaintiff to an unlawful hostile work environment based on her sex and/or gender in violation of the NYSHRL and NYCHRL.

60. Beginning soon after her employment commenced, and throughout the remainder of her employment, Defendant 85 Pearl Street Venture Ltd., through its managers and employees, subjected Plaintiff to repeated inappropriate and sexually-charged harassment and comments based on her sex and/or gender.

61. By way of example, beginning soon after her employment commenced and continuing for approximately the next six months or more, one of Defendant 85 Pearl Street Venture Ltd.'s managers would make shocking and offensive comments to Plaintiff nearly every workday, including repeatedly telling Plaintiff that "I'm going to rape you" or "I'm going to violate you."

62. Plaintiff objected to these comments by Defendant 85 Pearl Street Venture Ltd.'s manager stating that these comments were inappropriate and that he should not be engaging in blatantly offensive comments to Plaintiff.

63. These nearly daily comments by this manager only subsided because Plaintiff and this manager happened to begin to work fewer shifts together beginning approximately six months or more after these comments began.

64. By way of another example, during her employment, one of Defendant 85 Pearl Street Venture Ltd.'s managers stated that he "will give her these eggs" while referring to his private parts as an obvious sexual innuendo that was offensive and unwelcome by Plaintiff.

65. By way of another example, beginning soon after her employment commenced, and throughout much of the remainder of her employment, one of Defendant 85 Pearl Street Venture Ltd.'s bar managers repeatedly subjected Plaintiff to inappropriate and sexually-charged harassment and comments.

66. For instance, this bar manager inexplicably told Plaintiff that she should start an OnlyFans account and post content to it, which is an objectively improper sexually-charged comment.

67. OnlyFans is a website where content creators post nude photos and videos, photos and videos of them engaged in sexually explicit acts and other pornography.

68. Even more appallingly, this bar manager offered to manage her OnlyFans account if Plaintiff were willing to start such an account. This necessarily means that Defendant 85 Pearl Street Venture Ltd.'s bar manager was offering to view and post nude, sexually explicit content and other pornography of Plaintiff that he was inappropriately suggesting she should start making.

69. Plaintiff obviously found these comments offensive and unwelcome, and beyond the pale of any acceptable work place conversation.

70. By way of another example, during her employment, Defendant 85 Pearl Street Venture Ltd.'s head chef and manager subjected Plaintiff to inappropriate and sexually-charged harassment and comments.

71. For instance, in or about August 2024, someone touched Defendant 85 Pearl Street Venture Ltd.'s head chef and manager, which he bizarrely and mistakenly believed was a touch from Plaintiff. In response, Defendant 85 Pearl Street Venture Ltd.'s head chef and manager turned to Plaintiff and said "Oh my God, I thought it was you who touched me. Look how excited I got!" while displaying goosebumps on his arms and expressing a clear sexual excitement towards Plaintiff.

72. Each of these managers employed by Defendant 85 Pearl Street Venture Ltd. had the authority to discipline Plaintiff, terminate her employment, and negatively alter the terms and conditions of her employment for the worse.

73. Beginning soon after her employment commenced, and throughout the remainder of her employment, several of Defendant 85 Pearl Street Venture Ltd.'s other bartenders and employees repeatedly made inappropriate and sexually-charged comments towards Plaintiff and engaged in inappropriate conversations relating to sex around Plaintiff.

74. Plaintiff repeatedly objected to such inappropriate sexual harassment and comments and demanded that such conduct and comments end.

75. Plaintiff found the repeated inappropriate and sexually-charged harassment and comments based on her sex and/or gender by Defendant 85 Pearl Street Venture Ltd.'s managers and employees to be both offensive and unwelcome, and such comments and were made without her permission or authorization.

76. The repeated inappropriate and sexually-charged harassment and comments based on her sex and/or gender by Defendant 85 Pearl Street Venture Ltd.'s managers and employees were sufficiently severe and pervasive such that they altered the terms and conditions of her employment and created a hostile work environment.

77. As a result of the repeated inappropriate and sexually-charged harassment and comments based on her sex and/or gender by Defendant 85 Pearl Street Venture Ltd.'s managers and employees, Defendant 85 Pearl Street Venture Ltd. treated Plaintiff less well than those outside of her protected class based on her sex and/or gender.

78. Based on the foregoing, Defendants discriminated against Plaintiff by creating a hostile work environment based on Plaintiff's sex and/or gender, in violation of the NYSHRL and NYCHRL.

## COLLECTIVE ACTION ALLEGATIONS

79. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing to pay them overtime pay for hours worked in excess of forty (40) hours each week and unlawfully retaining tips and gratuities under the FLSA.

80. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as their own interests in bringing this action.

81. Plaintiff seeks to proceed as a collective action with regard to the First and Second Claims for Relief, pursuant to 29 U.S.C. §216(b) on behalf of herself, individually, and the following similarly situated employees:

> All non-exempt persons who are currently, or have been employed by the Defendants as a non-exempt, hourly paid, tipped employee, including but not limited to servers, bussers, bartenders, and bar employees, and/or in a similarly situated position, at any time during the three (3) years prior to the filing of their respective consent forms.

82. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been

unlawfully deprived of overtime pay and have been subjected to Defendants unlawfully retaining tips and gratuities in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## CLASS ACTION ALLEGATIONS

83. Plaintiff brings the Third through Eleventh Claims for Relief on behalf of herself, individually, and a class of persons under Fed. R. Civ. P. 23 consisting of all persons who are currently, or have been, employed by the Defendants as a non-exempt, hourly paid, tipped employee, including but not limited to servers, bussers, bartenders, and bar employees, and/or in a similarly situated position at any time during the six (6) years prior to the filing of the Complaint through the date of judgment (hereinafter referred to as the "Class" or the "Class Members").

84. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and rates of pay for the Class Members may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

85. The proposed Class is so numerous such that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) individuals who are currently, or have been, employed by the Defendants as a covered Class Member at any time during the six (6) years prior to the filing of the Complaint.

86. Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

87. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members premium overtime compensation at the correct rates of pay for hours worked in excess of forty hours in a single workweek;

(b) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members the applicable minimum wage rates of pay for their hours worked;

(c) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members spread of hours compensation for each workday where the start and end of their workday exceeded ten hours;

(d) Whether Defendants unlawfully made deductions to Plaintiff's and Class Members' wages, tips and gratuities, either directly or by separate transactions, for the benefit of Defendants and/or without authorization of Plaintiff or the Class Members;

(e) Whether Defendants failed and/or refused to pay, retained and/or failed to remit tips and gratuities due to Plaintiff and the Class Members, in violation of the NYLL and/or New York common law;

(f) Whether Defendants' pay practices violated the New York common law, in the form of unjust enrichment, with respect to the Plaintiff and Class Members;

(g) Whether Defendants' pay practices violated the New York common law, in the form of conversion, with respect to the Plaintiff and Class Members;

(h) Whether Defendants failed to furnish Plaintiff and the Class Members with a compliant notice informing them that they would be paid at a tipped rate, within the requirements set forth under the NYLL and its applicable regulations, and/or whether such notice was provided in their primary language;

(i) Whether Defendants' pay practices constitute an unlawfully administered tip pool arrangement, invalidating Defendants' right to a take a tip credit against hourly wages;

(j) Whether Defendants' managers participated in and/or unlawfully retained tips and gratuities from the tip pool due to Plaintiff and the Class Members;

(k) Whether Defendants failed to timely pay or remit tips and gratuities and/or other wages to Plaintiff and the Class Members;

(l) Whether Defendants failed to furnish the Plaintiff and Class Members with a compliant notice of wage rate upon their hire and/or whether such notice was provided in their primary language;

(m) Whether Defendants failed to furnish the Plaintiff and Class Members with accurate wage statements for each pay period;

(n) Whether Defendants' general practice of failing and/or refusing to pay Plaintiff and Class Members overtime pay, minimum wage compensation, spread of hours compensation, retaining of tips and gratuities, and unlawfully deducting and/or retaining wages, tips and gratuities, was done willfully and/or with reckless disregard of the state wage and hour laws;

(o) Whether Defendants took any active steps to ascertain and comply with the state wage and hour laws regarding their payment of wages to Plaintiff and Class Members;

(p) Whether Defendants failed to keep and maintain true and accurate payroll records, including, *inter alia*, recording all hours worked, compensation received, and amounts of tips and gratuities received, for the Plaintiff and Class Members;

(q) Whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law; and

(r) What was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

88. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All of the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected and harmed all Class Members similarly, and Defendants benefited from the same type of unfair and/or

wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

89. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.

90. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

91. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigations like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

92. The Class Members have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

93. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so

can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)

94. Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

95. Defendants employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff and persons similarly situated to Plaintiff for their time worked in excess of forty (40) hours per week at a rate of at least one and one-half times the applicable minimum wage or their proper regular hourly rates or pay, whichever is greater, in violation of the FLSA.

96. Defendants' violations of the FLSA have been willful and intentional.

97. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

98. As a result of Defendants' unlawful acts, Plaintiff and persons similarly situated to Plaintiff with respect to Defendants' violations of the FLSA are entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs of this action.

**SECOND CLAIM FOR RELIEF**
**(UNLAWFULLY RETAINED TIPS AND GRATUITIES UNDER THE FLSA)**

99. Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

100. Pursuant to 29 U.S.C. § 203(m), "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

101. Additionally, according to Fact Sheet #15 Tipped Employees Under the Fair Labor Standards Act (FLSA), published by U.S. Department of Labor ("DOL" hereinafter), Wage and Hour division, "[r]egardless of whether an employer takes a tip credit, the FLSA prohibits employers from keeping any portion of employees' tips for any purpose, whether directly or through a tip pool. An employer may not require an employee to give their tips to the employer, a supervisor, or a manager, even where a tipped employee receives at least the federal minimum wage (currently $7.25) per hour in wages directly from the employer and the employer takes no tip credit."

102. By setting and maintaining a policy and/or practice of improperly withholding all or portions of tips and gratuities meant to be paid to Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, Defendants willfully and knowingly violated the FLSA.

103. Throughout much of Plaintiff's employment, Defendants failed to maintain proper employment records as required by the FLSA.

104. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

105. As a result of the unlawful acts of the Defendants, Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action have been deprived of tips and gratuities in amounts to be determined at trial.

106. Based on the foregoing, Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action are also entitled to liquidated damages, attorneys' fees, and their costs and disbursements in this action for Defendants' violations of the FLSA.

**THIRD CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)**

107. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

108. Defendants employed Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, for workweeks longer than forty hours and failed to compensate the Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, for hours worked in excess of forty hours per week at a rate of at least one and one-half times the applicable minimum wage or their proper regular hourly rates of pay, whichever is greater, in violation of the NYLL.

109. By Defendants' failure to pay Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, their correct overtime wages for hours worked in excess of forty hours per week, Defendants violated the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 146.

110. Defendants' violations of the NYLL have been willful and intentional.

111. Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants

unpaid overtime wages, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

**FOURTH CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – MINIMUM WAGES)**

112. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

113. Defendants employed Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, yet willfully failed to pay Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, the applicable minimum wage rates for all hours worked, in violation of the NYLL and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 146.

114. Defendants' violations of the NYLL have been willful and intentional.

115. Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

**FIFTH CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – SPREAD OF HOURS VIOLATION)**

116. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

117. Defendants failed to pay Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, one additional hour of pay at the basic minimum wage rate for

each day their spread of hours exceeded ten in violation of NYLL § 650 *et seq.* and 12 NYCRR § 146-1.6.

118. Defendants' failure to pay spread-of-hours compensation was willful and intentional.

119. For the foregoing reasons, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover unpaid spread of hours compensation, liquidated damages, attorneys' fees, costs of this action and interest as permitted by law.

**SIXTH CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – UNLAWFULLY RETAINED TIPS AND GRATUITIES)**

120. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

121. Pursuant to NYLL § 196-d, an employer is not permitted to "demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

122. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, performed work for the benefit of Defendants, at Defendants' behest, for which they received compensation partially through tips and gratuities.

123. However, Defendants retained and/or failed to remit, directly and indirectly, a portion of the tips and gratuities intended for the Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, and they have not been paid those tips and gratuities as Defendants have unlawfully retained and/or failed to remit those tips and gratuities, in violation of NYLL § 196-d.

124. Defendants' violations of the NYLL have been willful and intentional.

125. Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to their unpaid tips and gratuities, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

**SEVENTH CLAIM FOR RELIEF**
**(VIOLATION OF NEW YORK LABOR LAW § 193)**

126. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

127. NYLL § 193 prohibits employers from taking any deductions from wages, except as required by law or regulation, or authorized by the employee for the employee's benefit.

128. Based on the forgoing, Defendants engaged in unlawful deductions to Plaintiff's, Class Members's and any FLSA Collective Action Plaintiff who opts-into this action's wages, tips and gratuities, directly and/or by separate transactions, in violation of NYLL § 193 and the supporting New York State Department of Labor Regulations.

129. Thus, Defendants commonly made deductions to Plaintiff's, Class Members's and any FLSA Collective Action Plaintiff who opts-into this action's wages, tips and gratuities, solely for the benefit of the Defendants, without Plaintiff's, Class Members's and any FLSA Collective Action Plaintiff who opts-into this action's authorization, and not for the benefit of the Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, in violation of NYLL § 193 and the supporting New York State Department of Labor Regulations.

130. Defendants' violations of the NYLL have been willful and intentional.

131. Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are entitled to damages in an amount to be determined at trial, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

**EIGHTH CLAIM FOR RELIEF**
**(UNJUST ENRICHMENT)**

132. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

133. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action performed work for the benefit of Defendants, at Defendants' behest, for which they received compensation partially through tips and gratuities – a form of wages – and received compensation through an hourly rate of pay.

134. However, Defendants retained and/or failed to remit a portion of the tips and gratuities intended for the Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, thereby withholding their compensation in the form of earned wages, tips, gratuities and/or money due and owing to them.

135. Due to Defendants' conduct in violation of New York common law, Defendants were enriched at the expense of Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action and it is against equity and good conscience to permit Defendants to retain what is sought to be recovered.

136. Defendants violated New York common law against Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff's, Class Members' and

any FLSA Collective Action Plaintiff who opts-into this action's rights, and Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are therefore entitled to an award of punitive damages under New York law.

**NINTH CLAIM FOR RELIEF**
**(CONVERSION)**

137. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

138. Based on the forgoing, Defendants engaged in unlawful conversion of Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's property, including, but not limited to, retaining and/or failing to remit wages, tips, gratuities and/or money due to Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action.

139. Defendants engaged in this conduct and have retained and/or failed to remit to Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action their wages, tips, gratuities and/or money without Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's authorization and without their consent.

140. Based on the foregoing, Defendants' conduct – including, not limited to retaining and/or failing to remit Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's wages, tips, gratuities and/or money – amounts to nothing less than blatant theft of Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's wages, tips, gratuities and/or money.

141. Based on the foregoing, Defendants intentionally and without authority, assumed or exercised control over Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff

who opts-into this action's personal property, in the form of wages, tips, gratuities and/or money, that belonged to Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, and that did not belong to Defendants, and interfered with Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's rights of possession.

142. Based on the foregoing, Defendants intentionally engaged in conversion by taking possession of and/or failing to remit Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's property in the form of wages, tips, gratuities and/or money, and by permanently impeding Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action from using their wages, tips, gratuities and/or money, which they have the exclusive rights to use.

143. As a result of Defendants' unlawful conduct, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are entitled to all damages, the value of all property, wages, tips, gratuities and/or money converted to Defendants' possession and/or use, out of pocket costs, other incidental and consequential damages, costs of this action and interest as permitted by law.

144. Defendants violated New York common law against Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's rights, and Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are therefore entitled to an award of punitive damages under New York law.

**TENTH CLAIM FOR RELIEF**
**(VIOLATION OF NEW YORK LABOR LAW § 195(1))**

145. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

146. Defendants failed to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, with a written notice upon their hire in their primary language – or at all – regarding, *inter alia*, their rate of pay, the basis of their rate of pay, the employee's regular pay day, the name, address and telephone number of the employer, and other information required by NYLL § 195(1).

147. Due to Defendants' failure to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, with the notice required by NYLL § 195(1), Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

**ELEVENTH CLAIM FOR RELIEF**
**(VIOLATION OF NEW YORK LABOR LAW § 195(3))**

148. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

149. Defendants failed to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff, with accurate statements of their wages earned, including, *inter alia*, their correct regular and overtime rates of pay, their correct amount of regular and overtime hours worked, their spread of hours compensation, and their correct amount of tips and gratuities received, their correct

amount of gross wages, net wages, deductions and allowances, for each pay period as required by NYLL § 195(3).

150. Due to Defendants' failure to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, with accurate wage statements as required by NYLL § 195(3), Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

**TWELFTH CLAIM FOR RELIEF**
**(VIOLATION OF NYSHRL – SEX AND/OR GENDER DISCRIMINATION)**
**(AGAINST DEFENDANT 85 PEARL STREET VENTURE LTD.**

151. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

152. The NYSHRL forbids any employer or agent thereof from discriminating against an employee on account of that employee's sex and/or gender.

153. By the acts and practices described above, Defendant 85 Pearl Street Venture Ltd. discriminated against Plaintiff in the terms and conditions of her employment by subjecting her to unlawful discrimination in the form of a hostile work environment on the basis of her sex and/or gender, in violation of the NYSHRL.

154. As a proximate result of Defendant 85 Pearl Street Venture Ltd.'s discrimination, Plaintiff suffered harm to her professional reputation, emotional distress, pain and suffering, mental anguish, embarrassment and humiliation, out of pocket costs, and other incidental and consequential damages, attorneys' fees, costs and interest as permitted by law.

155. Defendant 85 Pearl Street Venture Ltd. discriminated against Plaintiff by engaging in willful, wanton, and/or reckless conduct and/or in conscious disregard of Plaintiff's rights and

Plaintiff is therefore entitled to an award of punitive damages as against Defendant 85 Pearl Street Venture Ltd. under the NYSHRL.

**THIRTEENTH CLAIM FOR RELIEF**
**(VIOLATION OF NYCHRL – SEX AND/OR GENDER DISCRIMINATION)**
**(AGAINST DEFENDANT 85 PEARL STREET VENTURE LTD.**

156. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

157. The NYCHRL forbids any employer or agent thereof from discriminating against an employee on account of that employee's sex and/or gender.

158. By the acts and practices described above, Defendant 85 Pearl Street Venture Ltd. discriminated against Plaintiff in the terms and conditions of her employment by subjecting her to unlawful discrimination in the form of a hostile work environment on the basis of her sex and/or gender and treated her less well on the basis of her sex and/or gender, in violation of the NYCHRL.

159. As a proximate result of Defendant 85 Pearl Street Venture Ltd.'s discrimination, Plaintiff suffered harm to her professional reputation, emotional distress, pain and suffering, mental anguish, embarrassment and humiliation, out of pocket costs, and other incidental and consequential damages, attorneys' fees, costs and interest as permitted by law.

160. Defendant 85 Pearl Street Venture Ltd. discriminated against Plaintiff by engaging in willful, wanton, and/or reckless conduct and/or in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to an award of punitive damages as against Defendant 85 Pearl Street Venture Ltd. under the NYCHRL.

## DEMAND FOR JURY TRIAL

161. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Class Members and FLSA Collective Action Plaintiffs pray for the following relief:

i. Issuing an order restraining Defendants from any retaliation against Plaintiff, Class Members and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

ii. Issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, 29 U.S.C. § 201 *et seq.* and supporting regulations and the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, and under the NYSHRL, NYCHRL and New York common Law;

iii. Designating this action as an FLSA collective action on behalf of the Plaintiff and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

iv. Certifying this action a class action pursuant to Fed. R. Civ. P. 23;

v. Awarding unpaid overtime wages, any unpaid wages in the form of unpaid tips and gratuities intended to be paid to and earned by Plaintiff, and any unlawfully

retained, deducted, withheld and/or diverted wages, tips and/or gratuities, and an additional and equal amount as liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

vi. Awarding unpaid wages, including overtime wages, minimum wages, spread of hours wages, unpaid or retained tips and gratuities, unlawfully deducted wages, tips and/or gratuities from earned wages, and any other forms of compensation, and an additional and equal amount as liquidated damages, pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

vii. Awarding damages pursuant to NYLL §§ 195(1), 195(3), 198;

viii. Awarding damages relating to the unlawful violations of the New York common law with respect to unjust enrichment and conversion;

ix. On behalf of Plaintiff only, awarding damages for, *inter alia*, compensatory damages for emotional distress, pain and suffering, out of pocket costs, and other incidental and consequential damages;

x. Awarding punitive damages as permitted by law;

xi. Awarding pre- and post-judgment interest as permitted by law;

xii. Awarding attorneys' fees incurred in prosecuting this action;

xiii. Awarding all costs and expenses incurred in prosecuting this action; and

xiv. Granting such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
August 15, 2026

ROMERO LAW GROUP PLLC
*Attorneys for Plaintiff*
490 Wheeler Road, Suite 277
Hauppauge, New York 11788
Tel.: (631) 257-5588

By: ______________________________
DAVID D. BARNHORN, ESQ.